UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOT PANYANOUVONG, | Case No. 2:25-cv-1128-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| PEOPLES, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 7. He also moves to proceed *in forma pauperis*, ECF Nos. 6 & 9, and for extensions of time, ECF Nos. 8 & 10. The petition does not, as articulated, assert a viable federal habeas claim. I will dismiss the petition and give petitioner an opportunity to amend and explain why this action should proceed. I will grant petitioner's most recent motion to proceed *in forma pauperis*, ECF No. 9, and deny the prior one as moot, ECF No. 6. I will deny petitioner's motions for extensions of time. ECF Nos. 8 & 10.

**The Petition**

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine

1

the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner has filed three habeas petitions.  *See* ECF Nos. 1, 3, & 7.  I will consider only the most recent filing, his second amended petition, because "where an amended habeas petition is filed, it completely replaces the original habeas petition."  *Farnsworth v. Boe*, No. 3:20-cv-05067-BHS-JRC, 2021 WL 11114453, at *1 (W.D. Wash. Mar. 9, 2021).[1]  In his second amended petition, petitioner appears to provide contact information for himself and his family.  *See* ECF No. 7 at 2-3.  He also provides a form requesting a "recall of sentence and resentencing" in which he asks the court to "help [him] with [his] case," stating that he "did some of it," but needs assistance "with works."  *Id.* at 4-5.  The petition fails to state a cognizable federal habeas claim, as petitioner makes no allegations challenging the fact or duration of his confinement.  *Neal v. Schimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (noting that cognizable federal habeas claims challenge the fact or duration of the petitioner's confinement).  As such, the petition fails to state a claim and must be dismissed.

Rather than recommending immediate dismissal, I will permit petitioner to amend his petition so that he may better explain the nature of his claims and why they should proceed.  If petitioner fails to amend within thirty days, I will recommend that this action be dismissed.

**Motions for Extension of Time**

Petitioner also moves for extensions of time.  *See* ECF Nos 8 & 10.  However, these motions do not appear to actually request extensions of time, as petitioner, in both filings, just reiterates his general requests for assistance.  *See id.*  In one motion, he asks the court to "do the best for [him]," *see* ECF No. 10, and in the other, he provides varying case numbers and the name of his former attorney, *see* ECF No. 8.  These motions are denied.

---

[1] Even if I did consider petitioner's earlier filings in conjunction with the most recent one, I would still recommend dismissal with leave to amend.  Petitioner's two prior petitions similarly fail to raise a cognizable claim, as they do not challenge the fact or duration of his confinement, generally ask for assistance, and are largely indecipherable.  *See generally* ECF Nos. 1 & 3.

Accordingly, it is ORDERED that:

1. The second amended petition, ECF No. 7, is DISMISSED with leave to amend.

2. Petitioner's motion to proceed *in forma pauperis*, ECF No. 9, is GRANTED. Petitioner's remaining request to proceed *in forma pauperis*, ECF Nos. 6, is DENIED as moot.

3. Petitioner's motions for extension of time, ECF Nos. 8 & 10, are DENIED.

4. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

5. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of Court shall send petitioner a habeas petition form with this order.

IT IS SO ORDERED.

Dated:   May 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE