UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOT PANYANOUVONG, | Case No. 2:25-cv-1128-JDP (P) |
| Petitioner, | ORDER; FINDINGS AND RECOMMENDATIONS |
| v. | |
| PEOPLES, | |
| Respondent. | |

    Petitioner, a state prisoner, brings this action under section 2254.  In my previous screening order, I found that the petition failed to state a federal habeas claim insofar as it did not allege any substantive attack on the underlying conviction.  Petitioner has filed an amended petition that suffers from the same deficiency.[1]  Accordingly, I recommend that this action be dismissed without leave to amend.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

---

[1] Petitioner has filed two petitions, ECF Nos. 12 & 13.  Only the latter will be considered; the most recent petition entirely supersedes any that precede it.  The first of the two new petitions, ECF No. 12, is also only a single page, and appears to contain no relevant information.

1

petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition is, bluntly, impossible to understand and appears to be devoid of any substantive claim. At the outset, petitioner concedes that "I did do all of the crime they say I did." ECF No. 13 at 1. As for his claims, he repeatedly asks for "help with alles (sic) his work." *Id.* at 4. Interspersed with these requests are vague assertions that plaintiff was "there at the time" or that he was "in the room" with an unspecified man. *Id.* at 4-5. There is no substance to this petition and, thus, no basis on which federal habeas relief can be granted. Petitioner has already been afforded an opportunity to remedy this deficiency and has failed to do so. Accordingly, I find that further opportunities to amend are unwarranted.

It is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the fourth amended petition, ECF No. 13, be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 15, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE